**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-cv-01293-MSK-KMT

BOLSA RESOURCES, INC., an Arizona corporation,

    Plaintiff,

v.

AGC RESOURCE, INC., a Nevada corporation,
ALPACA RESOURCES, INC., an Ontario, Canada corporation,
INTERNATIONAL AMERICAN RESOURCE, INC., a Colorado corporation,
MARTIN RESOURCES, INC., a Colorado corporation,
SALZBURG HOLDINGS, LLC, a Colorado limited liability company,
DAVID STAFFORD JOHNSON, a Colorado resident,
STEPHEN B. DOPPLER, a Colorado resident,
FREDERIK W. WARNAARS, a Colorado resident,
ADAM SZWERAS, an Ontario, Canada resident,
YANNIS BANKS, an Ontario, Canada resident,
FOUNDATION MARKETS, INC., an Ontario, Canada corporation,
ARIZONA-ALPACA RESOURCE CORP., a Nevada corporation,
SOGC RESOURCE CORP., a Nevada corporation,
JNS MINERAL HOLDING CORP., a Nevada corporation, and
JEREMY GOLDMAN, an Ontario, Canada resident,

    Defendants.

---

**PROTECTIVE ORDER**

---

    Pursuant to the Stipulated Motion of the Plaintiff and Defendants (collectively, the "Parties"), the Court hereby Orders as follows:

    1. The "Litigation" shall mean the above-captioned case, *Bolsa Resources, Inc. v. AGC Resource, Inc. et al*, Case No. 11-CV-01293-MSK-KMT, United States District Court for the District of Colorado.

    2. "Documents" or "information" shall mean and include any document (whether in hard copy or electronic form), records, responses to discovery, tangible articles or things, whether documentary or oral, and other information provided, served, disclosed, filed, or produced, whether voluntarily or through discovery or other means, in connection with this Litigation.

    3. "Producing Party" shall mean any Party, person or entity who provides, serves, discloses, files, or produces any nonpublic documents or information in connection with this Litigation.

    4. The Parties agree that, in conjunction with the discovery proceedings in this Litigation, the Parties may designate any document, thing, material, testimony, or

other information derived therefrom (hereinafter collectively referred to as "information") as "CONFIDENTIAL" under the terms of this Confidentiality Protective Order (hereinafter "Order") which shall not be published to third parties except as permitted by, and in accordance with, the provisions of this Order. Confidential information is information which has not been made public and which contains trade secret, proprietary, safety and/or sensitive business or personal information.

5. CONFIDENTIAL documents shall be so designated by marking or stamping copies of the document produced to a Party with the legend "CONFIDENTIAL." Marking or stamping the legend "CONFIDENTIAL" on the cover of any multi-page document shall designate all pages of the document as CONFIDENTIAL, unless otherwise indicated by the Producing Party.

6. Testimony taken at a deposition may be designated as CONFIDENTIAL by any Party making a statement to that effect on the record at the deposition. Deposition testimony directly related to a document previously marked CONFIDENTIAL shall be automatically designated as confidential testimony. Arrangements may be made with the court reporter taking and transcribing such deposition to separately bind such portions of the transcript and deposition exhibits containing information designated as CONFIDENTIAL, and to label such portions appropriately. Counsel for the Parties may also agree that an entire deposition transcript shall be designated CONFIDENTIAL. In the alternative, counsel for the Parties may agree to designate a deposition or portions thereof as CONFIDENTIAL within ten (10) days of receipt of the transcript.

7. CONFIDENTIAL information shall be maintained in strict confidence by the Parties who receive such information, shall be used solely for the purposes of this Litigation, and shall not be disclosed to any person except:

(a) The United States District Court for the District of Colorado (the "Court") and persons assisting the Court or assisting in the Litigation process (including, but not limited to, Court personnel, court reporters, stenographic reporters, videographers and electronic filing personnel);

(b) The attorneys of record in this Litigation and their co-shareholders, co-directors, partners, employees, and associates who are assisting in the Litigation (collectively hereafter referred to as "Outside Counsel");

(c) A Party, or an officer, director, employee or member of a Party, or officer, director or member of a parent company, affiliate or subsidiary of a Party, deemed necessary by counsel to aid in the prosecution, defense, and/or settlement of this Litigation;

(d) Subject to the terms of Paragraph 11 below, third party witnesses, including former employees or members of the Parties, as may reasonably be necessary in preparation for deposition, hearing or trial testimony;

(e) Subject to the terms of Paragraph 11 below, experts or consultants and their staff, and litigation support personnel and their staff, retained by the Parties and/or Outside Counsel in this Litigation;

(f) Support vendors or contractors retained by Outside Counsel for functions directly related to this Litigation, such as copying, document management, and graphic design; and

(g) Any other person, provided that the Receiving Party has given written notice to the Producing Party of an intent to disclose specified CONFIDENTIAL information to said person, who shall be identified by name, address, phone number and relationship, if any, to the Receiving Party, and the Producing Party has not provided a written objection to the disclosure within ten calendar days of delivery of the notification. Before any person may receive disclosure pursuant to this subparagraph, he or she must comply with the requirements of paragraph 11 below.

8. If a witness is providing or is provided CONFIDENTIAL information during a deposition, counsel for the Producing Party may request that all persons other than the witness and persons entitled by this Order to have access to the CONFIDENTIAL information leave the deposition room during that portion of the deposition. Failure of any person to comply with such a request will constitute sufficient justification for the witness to refuse to answer the question, or for the Producing Party to demand that CONFIDENTIAL information not be provided to the witness, pending resolution of the issue.

9. All designations of information as CONFIDENTIAL by the Producing Party must be made in good faith. All Parties reserve the right to challenge the designation of information as CONFIDENTIAL. In the event of such a challenge, the Challenging Party shall promptly inform counsel for the other parties in writing of the specific grounds for the challenge, and counsel shall then, in good faith, on an informal basis, attempt to resolve such dispute. If that attempt is not successful, the Challenging Party may file, within 14 days of informing the Producing Party of the Challenge, a motion to have such designation removed or modified, and the Challenging Party shall have the burden of establishing the inappropriateness of the CONFIDENTIAL designation. The information to which the challenge is directed shall continue to have CONFIDENTIAL status until the Court rules otherwise on the motion.

10. While protected by this Order, any information designated CONFIDENTIAL shall be held in strict confidence by each person to whom it is disclosed; shall be used solely for the purposes of this Litigation; and shall not be

used for any other purpose, including, without limitation, any business or competitive purpose.

11. With respect to outside experts and third parties, including third party witnesses, to become an authorized expert or third party entitled to access to CONFIDENTIAL information, the expert or individual must be provided with a copy of this Order and must sign an affidavit in the form set forth as Exhibit A hereto, acknowledging that he/she has carefully and completely read, understands, and agrees to be bound by this Order. The affidavit shall be retained by the Party on whose behalf such affidavit is signed.

12. Notwithstanding any other provision herein, nothing shall prevent a Party from revealing CONFIDENTIAL information to a person who created or previously received (as an addressee or by way of copy) such information.

13. The inadvertent production of any information without it being properly marked or otherwise designated shall not be deemed to waive any claim of confidentiality with respect to such information. If a Producing Party, through inadvertence, produces any CONFIDENTIAL information without marking or designating it as such in accordance with the provisions of this Order, the Producing Party may, promptly on discovery, furnish a substitute copy properly marked along with written notice to all Parties (or written notice alone as to non-documentary information) that such information is deemed CONFIDENTIAL and should be treated as such in accordance with the provisions of this Order. Each receiving person must treat such information as CONFIDENTIAL in accordance with the notice from the date such notice is received, subject to paragraph 9 above. Disclosure of such CONFIDENTIAL information prior to the receipt of such notice, if known, shall be reported to the Producing Party and shall not be deemed a violation of this Order.

14. A copy of this Order shall be shown to each attorney acting as counsel for a Party and to each person to whom CONFIDENTIAL information will be disclosed.

15. Nothing in this Order shall be construed as an admission or agreement that any specific information is or is not CONFIDENTIAL, subject to discovery, relevant, or admissible in evidence in any future proceeding.

16. If CONFIDENTIAL information is contained in any brief or other paper to be filed in Court by a Party, the CONFIDENTIAL information will be redacted from such brief or other paper and shall be appropriately marked and filed electronically so as not to be available to anyone but the other parties or the Court, or separately filed in a sealed envelope. The envelope shall set forth on its face the case caption, the title of the paper, a notation that the paper is filed under seal, and the title and date of the Court Order authorizing the paper to be filed under seal. Upon or before tendering such CONFIDENTIAL information to the Court for filing, the Party

shall file a motion with the Court to obtain leave to file it under seal. If such leave is not obtained, then the Party desiring to file the CONFIDENTIAL information shall confer in good faith with the Party or third party who originally produced the CONFIDENTIAL information to determine how such information otherwise may be provided to the Court. If the Court ultimately refuses to allow such information to be filed under seal, then it may be filed not under seal but in such form and manner as may honor, to the extent reasonably possible, the desire of the original Producing Party to keep the information CONFIDENTIAL. In such case, any applicable filing deadline will be deemed met by the filing of the motion for leave to file under seal referred to above.

17. This Order shall not be construed to prevent any Party from making use of or disclosing information that was lawfully obtained by a Party independent of discovery in this Litigation, whether or not such material is also obtained through discovery in this Litigation, or from using or disclosing its own CONFIDENTIAL information as it deems appropriate.

18. If either Party becomes required by law, regulation, or order of a court or governmental entity to disclose any CONFIDENTIAL information that has been produced to it under the terms of this Order, such Party will reasonably notify the other Parties, in writing, so that the original Producing Party has an opportunity to prevent or restrict such disclosure. The Party required to disclose any CONFIDENTIAL information shall use commercially reasonable efforts to maintain the confidentiality of such CONFIDENTIAL information and shall cooperate with the Party that originally produced the information in its efforts to obtain a protective order or other protection limiting disclosure; however, the Party required to disclose the information shall not be required to seek a protective order or other protection against disclosure in lieu of, or in the absence of, efforts by the Producing Party to do so.

19. No Party shall object to the production of any CONFIDENTIAL information sought by any other Party from any government agencies solely on the grounds that such information is CONFIDENTIAL.

20. Upon termination of this Litigation, either by settlement or other action, any Party and its counsel that obtained CONFIDENTIAL information through discovery shall either destroy the CONFIDENTIAL information or return such CONFIDENTIAL information to the Producing Party. Outside Counsel may retain one copy of pleadings; motions; deposition transcripts; exhibits submitted with such documents; and trial, hearing or other exhibits filed or otherwise submitted to the Court that contain CONFIDENTIAL information solely for archival purposes and the restrictions of this Order shall apply to Outside Counsel for as long as they hold such archival documents. If a Party chooses to destroy information under this Order rather than return such information to the Producing Party, the Party destroying the

information shall inform the Producing Party's attorney(s) of record in writing that such CONFIDENTIAL information has been destroyed.

21. The obligation to treat all information designated as CONFIDENTIAL in accordance with the terms of this Order and not to disclose such CONFIDENTIAL information shall survive any settlement or other termination of this Litigation.

22. The inadvertent production of any information during discovery in this action shall be without prejudice to any claim that such information is subject to the attorney-client privilege or is protected from discovery as attorney work product. No Party shall be held to have waived any rights by such inadvertent production. Upon notification of inadvertent production, the receiving Party shall not use or divulge the contents of such information unless subsequently agreed to by the Producing Party or permitted by the Court. Any such inadvertently produced information shall be returned by the receiving Party within three business days of any written request therefore. The receiving Party retains the right to challenge the information as having been inadvertently produced or, if inadvertently produced, as protected from discovery on grounds of privilege or work product.

23. The Parties may seek modification of this Order by the Court at any time, by stipulation or for good cause.

24. If on motion by a Party it is found by the Court that any party, or one or more principals of a party, wrongfully discloses or makes use of Confidential Information contrary to this Order, said party shall pay to the damaged party the liquidated damage sum of $15,000 for each such disclosure or use as specifically determined by the Court. Any such payment shall be made by the wrongfully disclosing party within 30 days of the Court's order finding wrongful disclosure or use. "Disclosure" means the dissemination to third parties not covered by this Order for financial gain or business advantage. Any Disclosures made in pursuit of a single business or financial opportunity shall be treated as a single occurrence even if the "occurrence" consists of disclosures to multiple individuals or entities or multiple documents.

Dated this 16th day of August, 2011

_____
United States Magistrate Judge

# AFFIDAVIT

STATE OF _____ )
                         )  ss.
COUNTY OF _____ )

_____, swears or affirms and states under penalty of perjury:

      1.     I have carefully and completely read and understand the terms of the Protective Order in *Bolsa Resources, Inc. v. AGC Resource, Inc. et al*, Case No. 11-CV-01293-MSK-KMT, United States District Court for the District of Colorado, a copy of which is attached to this Affidavit.

      2.     I promise that I will not divulge or undertake to divulge to any person or recording device any CONFIDENTIAL information shown or told to me except as authorized in the Confidentiality Protective Order. I will not use the CONFIDENTIAL information for any purpose other than this litigation.

      3.     I agree to be bound by the terms of the Protective Order.

      4.     For the purposes of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the court in the civil action referenced above.

_____
(Signature)

_____
(Print or Type Name)

Address:
_____
_____
Telephone No.: (___)_____

SUBSCRIBED AND SWORN to before me this _____ day of _____, 2011 by _____.

[Seal]

_____
Notary Public

My Commission Expires: _____

7
{00437193.1}