IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–01293–MSK–KMT

BOLSA RESOURCES, INC., an Arizona corporation,

    Plaintiff,

v.

AGC RESOURCE, INC., a Nevada corporation,
ALPACA RESOURCES, INC., an Ontario, Canada corporation,
INTERNATIONAL AMERICAN RESOURCES, INC., a Colorado corporation,
MARTIN RESOURCES, INC., a Colorado corporation,
SALZBURG HOLDINGS, LLC, a Colorado limited liability company,
DAVID STAFFORD JOHNSON, a Colorado resident,
STEPHEN B. DOPPLER, a Colorado resident,
FREDERIK W. WARNAARS, a Colorado resident,
ADAM SZWERAS, an Ontario, Canada resident,
YANNIS BANKS, an Ontario, Canada resident,
FOUNDATION MARKETS, INC., an Ontario, Canada corporation,
ARIZONA-ALPACA RESOURCES CORP., a Nevada corporation,
SOGC RESOURCES CORP., a Nevada corporation, and
JNS MINERAL HOLDING CORP., a Nevada corporation,

    Defendants.

## ORDER

This matter comes before the court on "Alpaca Defendants' Motion for Leave to File Second Amended Answer and Counterclaims" (Doc. No. 148, filed February 24, 2012).

Defendants Alpaca Resources, Inc., AGC Resource Corp., Arizona-Alpaca Resource Corp., Adam Szweras, Yannis Banks, Foundation Markets, Inc., SOGC Resource Corp, and JNS

Mineral Holdings Corp. (collectively "Alpaca Defendants") move to amend their counterclaims to correct allegations in which incorrect parties were identified.

Pursuant to Fed. R. Civ. P. 15(a), "[t]he court should freely give leave (to amend the pleadings) when justice so requires." *See also York v. Cherry Creek Sch. Dist. No. 5,* 232 F.R.D. 648, 649 (D. Colo. 2005); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist.,* 353 F.3d 832, 842 (10th Cir. 2003). The Supreme Court has explained the circumstances under which denial of leave to amend is appropriate:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Triplett v. LeFlore County, Okl.*, 712 F.2d 444, 446 (10th Cir. 1983).

Plaintiff did not file a response to the Motion. The deadline for joining parties and amending pleadings was set at February 24, 2012 (*see* Doc. No. 119); therefore, the defendants' Motion is timely. Further, the case is in the early stages of litigation. Moreover, upon review of the proposed Second Amended Answer and Counterclaims and the Motion, the court finds that there has been no showing of undue delay, bad faith or dilatory motive, undue prejudice, or futility.

Therefore, it is **ORDERED** that "Alpaca Defendants' Motion for Leave to File Second Amended Answer and Counterclaims" (Doc. No. 148) is GRANTED. Alpaca Defendants shall file their Second Amended Answer and Counterclaims no later than April 5, 2012.

Dated this 3rd day of April, 2011.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge