IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 11-cv-01293-MSK-KMT

BOLSA RESOURCES, INC., an Arizona corporation,

    Plaintiff,

v.

AGC RESOURCE, INC., a Nevada corporation;
ALPACA RESOURCES, INC., an Ontario, Canada corporation;
INTERNATIONAL AMERICAN RESOURCE, INC., a Colorado corporation;
MARTIN RESOURCES, INC., a Colorado corporation;
SALZBURG HOLDINGS, LLC, a Colorado limited liability company;
DAVID STAFFORD JOHNSON, a Colorado resident;
STEPHEN B. DOPPLER, a Colorado resident;
FREDERIK W. WARNAARS, a Colorado resident;
ADAM SZWERAS, an Ontario, Canada resident;
YANNIS BANKS, an Ontario, Canada resident;
FOUNDATION MARKETS, INC., an Ontario, Canada corporation;
ARIZONA-ALPACA RESOURCE CORP. , a Nevada corporation;
SOGC RESOURCE CORP., a Nevada corporation;
JNS MINERAL HOLDING CORP., a Nevada corporation; and
JEREMY GOLDMAN, an Ontario, Canada resident,

    Defendants.

## ORDER DENYING MOTION TO DISMISS SEVENTH CLAIM FOR RELIEF

**THIS MATTER** is before the Court on Defendant David Stafford Johnson's Motion to Dismiss Seventh Claim for Relief (#**129**), to which the Plaintiff responded (#**133**) and Mr. Johnson replied (#**142**). Having considered the same, the Court **FINDS** and **CONCLUDES** as follows.

### I. Jurisdiction

The Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1332. The

Motion to Dismiss is brought pursuant to C.R.S. § 13-20-602.

## II.  Background

The full details of the case are not needed in order to resolve the issues presented in Mr. Johnson's Motion to Dismiss, but some context is helpful.

The claims in this case arise out of a series of transactions relating to certain mining claims and associated research and data originally owned by the Plaintiff, Bolsa Resources, Inc. ("Bolsa"). These claims and data were allegedly transferred to subsidiaries of its competitor, Alpaca Resources, Inc. ("Alpaca"). The Defendants are former Bolsa principals/consultants who allegedly effected these transactions and various individuals and entities associated with Alpaca. Mr. Johnson, a licensed Colorado lawyer who provided legal services, first as general counsel, and thereafter as a contract consultant, is alleged to have engaged in a variety of self-dealing transactions contrary to Bolsa's interests. At this time, the only claims pending against Mr. Johnson are a claim of breach of fiduciary duty and a claim of negligence/legal malpractice.

Mr. Johnson seeks dismissal of the legal malpractice claim (Claim Seven) on the grounds that Bolsa failed to file a "certificate of review" in compliance with a Colorado statute, C.R.S. §13-20-602. This statute requires that a plaintiff asserting a negligence claim against a licensed professional file a certificate of review attesting that "a person who has expertise in the area of the alleged negligent conduct" has reviewed the known facts underlying the claim and has determined that the claim "does not lack substantial justification." C.R.S. § 13-20-602(3). The certificate of review must be filed within sixty days of service of the complaint. C.R.S. §13-20-602(1).

After Mr. Johnson filed his motion raising this issue, Bolsa filed a certificate of review

(**#131**) regarding the claim asserted against Mr. Johnson, but the filing was untimely.  Mr. Johnson does not challenge the adequacy of the certificate filed or that the certificate is as required; he challenges only the timing of its filing.  In response to Mr. Johnson's motion, Bolsa contends that a certificate of review was not required because the negligence here was so obvious that no expert testimony would be needed.  In the alternative, Bolsa argues that it has good cause for the failure to timely file its certificate.  Therefore, the issue presented is whether the delay in filing should be excused.

## II.  Analysis

**A.     Certificate of Review - Requirements of Statute**

In general, a certificate of review is required in cases of professional negligence which require the plaintiff to establish a *prima facie* case by means of expert testimony.  *Martinez v. Badis*, 842 P.2d 245, 249 (Colo. 1992).  Under the statute, the failure to file a certificate of review "shall result in the dismissal" of the professional negligence claim.  However, if the certificate is untimely filed, the late filing may be excused by good cause.  *Martinez v. Badis*, 842 P.2d 245, 251 (Colo.1992).  To determine whether good cause exists, the trial court must consider (1) whether the neglect causing the late filing was excusable, (2) whether the moving party has alleged a meritorious claim or defense, and (3) whether permitting the late filing would be consistent with equitable considerations, including any prejudice to the nonmoving party.  *Hane v. Tubman*, 899 P.2d 332, 335 (Colo. App. 1995).  The Court must consider all three of these factors but "should be guided by the general rule favoring resolution of disputes on their merits."  *RMB Services, Inc. v. Truhlar*, 151 P.3d 673, 676 (Colo.App. 2006).

**B.     Excusable Neglect**

Bolsa contends its failure to timely file is excusable because Mr. Johnson filed a motion to dismiss on the grounds that the claims should be submitted to arbitration. Bolsa contends that it did not neglect to obtain a review, and indeed began consulting with experts in the area as early as April 2011, before the complaint was filed.

Bolsa has not demonstrated excusable neglect. The filing of a motion to dismiss does not alter the deadline for filing a certificate of review. *Williams v. Boyle*, 72 P.3d 392, 393 (Colo.App. 2003). Therefore, the pendency of the motion to dismiss had no bearing on Bolsa's duty to comply with the statute. In addition, while it certainly was appropriate for Bolsa to have an expert review its claims before filing the complaint, there is no explanation for why the filing of the certificate was not timely. Therefore, this factor does not weigh in Bolsa's favor.

**C.     Meritorious Claim**

The second factor is whether Bolsa's claim is meritorious. According to the Amended Verified Complaint (#**44**), Mr. Johnson, while in a confidential attorney-client relationship with Bolsa, falsely advised that Bolsa had been statutorily dissolved and that its assets were in foreclosure. Mr. Johnson then drafted deeds by which a number of Bolsa's assets were transferred to an unrelated entity. Mr. Johnson and several of the other individual defendants thereafter marketed a project involving Bolsa's assets and confidential information, ultimately providing these materials to a competitor. Bolsa also alleges that Mr. Johnson fraudulently obtained title to certain real property acquired by Bolsa and thereafter sold it, to Bolsa's detriment. These allegations, if true, would establish professional misconduct sufficient to state a meritorious claim. Therefore, this factor weighs against dismissing the claim.

**D.     Equitable Considerations - Prejudice**

Finally, Bolsa contends that Mr. Johnson has suffered no prejudice from the untimely filing. Discovery has been extended until June 4, 2012, and Mr. Johnson's deposition had not been taken before the certificate of review was filed. No trial date has been set, and the certificate of review was filed before any expert disclosures were due. Indeed, in his reply brief, Mr. Johnson does not identify any particular prejudice occasioned by the untimely filing, other than broadly stating that the failure to comply "has prejudiced Johnson by ensuring that he will not obtain the benefit intended by the statute." **#142**, at 9. On this record, the Court finds no prejudice to Mr. Johnson.

Considering all three factors together, the Court finds that the late filing of the certificate of review is excused.

**IT IS THEREFORE ORDERED**

(1)   Defendant David Stafford Johnson's Motion to Dismiss Seventh Claim for Relief (**#129**) **IS DENIED**.

Dated this 24th day of April, 2012

                                                  **BY THE COURT:**

*[Signature: Marcia S. Krieger]*

                                                  Marcia S. Krieger
                                                  United States District Judge