IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11–cv–01293–MSK–KMT

BOLSA RESOURCES, INC., an Arizona corporation,

    Plaintiff,

v.

MARTIN RESOURCES, INC., a Colorado corporation,
SALZBURG HOLDINGS, LLC, a Colorado limited liability company, and
STEPHEN B. DOPPLER, a Colorado resident,

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

This matter is before the Court on "Plaintiff's Motion for Entry of Default Judgment Against Defendant Martin Resources, Inc." (Doc. No. 300 [Mot.], filed December 7, 2012).

### I. BACKGROUND

Plaintiff filed its Amended Verified Complaint and Jury Demand ("Amended Complaint") on July 1, 2011, alleging ten claims against Defendant Martin Resources, Inc., related to "a series of transactions and events designed and intended by Defendants to transfer substantially all of the assets of [Plaintiff] to Defendant Alpaca Resources, Inc., [Plaintiff's] direct competitor and Alpaca's subsidiaries . . . ." (*See* Doc. No. 44 at 2, 38–41, 42–50.)

Defendant Martin Resources, Inc., was served with the Amended Complaint on June 21, 2011, pursuant to Colo. Rev. Stat. § 7-90-704(2). (*See* Doc. No. 94 at 3; 94-5.) Defendant,

however, failed to answer or otherwise respond to Plaintiff's Complaint. Following Plaintiff's request for entry of default pursuant to Fed. R. Civ. P. 55(a) (Doc. No. 94), the Clerk of Court entered default against Defendant Martin Resources, Inc., on August 25, 2011 (Doc. No. 95). Defendant has not responded to the Clerk's entry of default or the present Motion. Plaintiff now moves for entry of a default judgment against Martin Resources, Inc., pursuant to Fed. R. Civ. P. 55(b).

## II. DISCUSSION

Fed. R. Civ. P. 54(c) states: "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." In its Amended Complaint, Plaintiff seeks

- a. That this Court order the disgorgement of all profits enjoyed by Defendants as a result of their use of the Project Data;
- b. That this Court order the conveyance to Bolsa of clean title to the Project Assets, the Elfrida Property and the Project Data;
- c. That this Court award damages in the amount of Bolsa's attorney's fees and costs in prosecuting the Quiet Title Action
- d. That this Court award compensatory damages for Bolsa's loss of use of the Project Data;
- e. That this Court award compensatory damages for lost economic advantage and profits resulting from failed joint venture opportunities;
- f. That this Court award compensatory damages for deferred marketability of the Project Assets and Project;
- g. That this Court award Bolsa damages in the amount of its legal fees, costs, penalties paid and any increased carrying costs as a result of the foreclosure proceedings commenced on the Rae-Eastman Property;
- h. That this Court order Defendants to divest themselves, by quit claim deed to Bolsa, of any interest in the Hope and View Site Claims acquired by Defendant AGC, Alpaca (or any Alpaca subsidiary or affiliate) at auction based on unauthorized use of the Project Data;
- i. That this Court enter injunctive relief prohibiting further use or dissemination of Project Data;
- j. That this Court enter injunctive relief prohibiting Defendants, their heirs, successors and assigns from acquiring, directly or indirectly, any property

      or interest in property within 10 miles of the Turquoise Mining District, including the Project Assets or any other property within 10 miles of these properties;
- k. That this Court enter injunctive relief requiring Defendants to indemnify Bolsa against any claims of title to the Project Assets;
- l. That this Court award statutory damages as allowed by law;
- m. That this Court enter judgment in favor of Bolsa for damages, including Bolsa's actual damages for breaches of contract, consequential and exemplary damages as allowed by law, and attorneys' fees and costs incurred in bringing and maintaining this action;
- n. That this Court enter judgment in favor of Bolsa for pre and postjudgment interest according to law;
- o. That this Court enter judgment, pursuant to [Colo. Rev. Stat.] § 13-16-104 or otherwise, awarding Bolsa its costs and expenses incurred in pursuing this lawsuit; and
- p. That this Court award Bolsa such other and further relief as this Court deems just and proper.

(Doc. No. 44 at 50–52.) In its Motion for Entry of Final Default Judgment, Plaintiff seeks <u>only</u> "the transfer of MRI's shares to Bolsa's parent company, MMO."[1] (Mot. at 4; Doc. No. 300-6.) Plaintiff's Amended Complaint does not seek the relief it seeks in its Motion for Entry of Default. Thus, granting the relief it seeks in the present motion would not be appropriate under Rule 54(c).

---

[1] In the Motion, Plaintiff explains that in a settlement with the Alpaca Defendants (including Alpaca Resources, Inc., AGC Resource Corp., JNS Mineral Holding Corp., SOGC Resource Corp., Arizona-Alpaca Resource Corp., Adam Szweras and Yannis Banks), Bolsa and the Alpaca Defendants agreed that Alpaca would remit to Plaintiff's parent, Mining & Mineral Opportunity, Ltd., the consideration actually paid to MRI by Alpaca under Alpaca's agreement with MRI (the "Alpaca-MRI Agreement"). Pursuant to the Alpaca-MRI Agreement, Alpaca made a payment of $15,000.00 to MRI. The $15,000 payment was returned to Alpaca by MRI. In addition, pursuant to the Alpaca-MRI Agreement, Alpaca issued to MRI one million shares of the common stock of Alpaca ("MRI Shares"). Those MRI Shares are presently reflected on the stock registry of Alpaca and are being held in trust by Alpaca. (*See* Mot. At 3–4.) It is those Alpaca stock shares which are the subject of Plaintiff's requests for relief through default judgment.

### III. RECOMMENDATION

Accordingly, the court respectfully **RECOMMENDS** that Plaintiff's Motion (Doc. No. 300) be **DENIED**.

### ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate

review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 30th day of July, 2013.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge