**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger**

**Civil Action No. 11-cv-01293-MSK-KMT**

**BOLSA RESOURCES, INC.,** an Arizona corporation,

        Plaintiff,

v.

**AGC RESOURCE, INC.,** a Nevada corporation;
**ALPACA RESOURCES, INC.,** an Ontario, Canada corporation;
**INTERNATIONAL AMERICAN RESOURCE, INC.,** a Colorado corporation;
**MARTIN RESOURCES, INC.,** a Colorado corporation;
**SALZBURG HOLDINGS, LLC,** a Colorado limited liability company;
**DAVID STAFFORD JOHNSON,** a Colorado resident;
**STEPHEN B. DOPPLER,** a Colorado resident;
**FREDERIK W. WARNAARS,** a Colorado resident;
**ADAM SZWERAS,** an Ontario, Canada resident;
**YANNIS BANKS,** an Ontario, Canada resident;
**FOUNDATION MARKETS, INC.,** an Ontario, Canada corporation;
**ARIZONA-ALPACA RESOURCE CORP.** , a Nevada corporation;
**SOGC RESOURCE CORP.,** a Nevada corporation;
**JNS MINERAL HOLDING CORP.,** a Nevada corporation; and
**JEREMY GOLDMAN,** an Ontario, Canada resident,

        Defendants.

## OPINION AND ORDER SUSTAINING OBJECTIONS AND GRANTING IN PART MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT MRI

**THIS MATTER** is before the Court on Plaintiff's Objections **(#312)** to the July 30, 2013 Recommendation of the United States Magistrate Judge **(#311)** that the Plaintiff's Motion for Entry of Final Default Judgment **(#300)** against Defendant Martin Resources, Inc. ("MRI") be denied.

## JURISDICTION

The Court exercises jurisdiction pursuant to 28 U.S.C. § 1332.

## FACTS

The claims in this case arise out of a series of transactions related to certain mining claims and associated research and data ("the Project Data") originally owned by the Plaintiff, Bolsa Resources, Inc. ("Bolsa"). Bolsa alleges that Defendant Stephen Doppler, a former director of Bolsa, misappropriated the Project Data from Bolsa and transferred it to subsidiaries of Bolsa's competitor, Alpaca Resources, Inc. ("Alpaca").[1] At the time of the transfer, Mr. Doppler had resigned from Bolsa and was an officer and director of MRI. In return for the transfer of Project Data, Alpaca paid consideration to MRI, including cash and one million shares of Alpaca's stock.

Bolsa's Amended Complaint **(# 42)** asserts various claims against the Defendants. As to MRI in particular, Bolsa asserts common-law claims for unjust enrichment, conversion, tortious interference with business advantage, and theft of trade secrets, among others. Bolsa's Prayer for Relief list a variety of requested remedies, including "[d]isgorgement of all profits enjoyed by Defendants as a result of their use of the Project Data."

Bolsa served MRI with the Complaint (and Amended Complaint) in this action, but MRI neither appeared nor defended. On August 25, 2011, the Clerk of the Court entered MRI's default **(# 95)**. Bolsa then filed the instant motion **(# 300)** for entry of a default judgment against MRI. The sole relief requested by Bolsa against MRI consists of an order that MRI "forfeit, in favor of Plaintiff, all consideration paid to it by Defendant Alpaca." The exact mechanism by

---

[1] These allegations are from the Amended Verified Complaint **(#44)** and are accepted as true given the Defendant MRI's failure to respond to Bolsa's claims.

which this transfer will occur is somewhat unorthodox. Bolsa indicates that MRI no longer has any officers or directors, and thus, no ability to transfer the stock itself. It does not appear that there are physical shares to transfer; rather, the shares exist only as a book entry in Alpaca's stock registry. Bolsa indicates that Alpaca is willing to "cancel the MRI shares and issue one million shares to MMO [Bolsa's parent company] upon entry of final judgment against MRI." Thus, Bolsa's proposed default judgment contains language indicating that this Court "orders that all shares of common stock issued to MRI be transferred to Bolsa's parent company, Mining & Mineral Opportunity, Ltd."

The Court referred Bolsa's motion to the Magistrate Judge. On July 30, 2013, the Magistrate Judge issued a Recommendation **(# 311)** that the motion be denied. The Magistrate Judge recognized that the sole relief sought by Bolsa was the transfer of the MRI stock to Bolsa, but concluded that "Plaintiff's Amended Complaint does not seek [that] relief," and that granting the requested relief would violate Fed. R. Civ. P. 54(c)'s requirement that a default judgment "not differ in kind from, or exceed in amount, what is demanded in the pleadings."

Bolsa filed timely Objections **(# 312)** to the Recommendation, noting that the request for transfer of the stock was encompassed by its request for "disgorgement of all profits" in the Amended Complaint's Prayer for Relief.

## **ANALYSIS**

This Court reviews the objected-to portions of a Recommendation *de novo*. Fed. R. Civ. P. 72(b); *U.S. v. One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Depending on the claims asserted, disgorgement of profits may be an appropriate remedy under Rule 54(c).[2] Here, Bolsa's Amended Complaint requests disgorgement of all profits enjoyed by Defendants as a result of their use of the Project Data. At least one of Bolsa's claims – misappropriation of trade secrets – has been recognized as giving rise to a remedy sounding in disgorgement. Under the Colorado Uniform Trade Secrets Act, a plaintiff can recover both compensatory damages and a defendant's profits derived from misappropriation of trade secrets. *Sonoco Products Co. v. Johnson*, 23 P.3d 1287, 1289 (Colo. App. 2001); C.R.S. § 7-74-104(1) ("Damages may include both the actual loss caused by misappropriation and the unjust enrichment caused by misappropriation that is not taken into account in computing actual loss"). A reasonable reading of the Amended Complaint supports the conclusion that the shares of Alpaca stock are gains that MRI obtained through the misappropriation of the Project Data, and thus, that such shares are properly disgorged. Although the Court cannot fault the Magistrate Judge for failing to extract the linkage between the shares of stock at issue and the reference to "disgorgement" in the somewhat prolix Amended Complaint, the Court nevertheless declines to adopt the Recommendation, and finds that Bolsa's motion for entry of a default judgment against MRI is appropriate.

However, the Court has some concerns as to the mechanism by which Bolsa intends to effect the disgorgement. The Court can certainly direct MRI to disgorge the Alpaca shares and convey them to Bolsa, but Bolsa recognizes that such a directive may not be capable of being carried out given MRI's lack of any remaining corporate actors. Instead, Bolsa requests (through the use of passive voice in its proposed default judgment) that the Court instead order <u>Alpaca</u> to

---

[2] Disgorgement is defined as "The act of giving up something (such as profits illegally obtained) on demand or by legal compulsion." *Black's Law Dictionary* 480 (9th ed. 2009).

effect this disgorgement by cancelling MRI's shares and re-issuing those shares to Bolsa. Absent a showing that MRI and Alpaca are alter egos – and Bolsa makes no such showing – it is inappropriate to enter a judgment against MRI that directs Alpaca to take any particular action. Although Alpaca is a party to this case and amenable to the Court's exercise of personal jurisdiction over it, MRI's default does not amount to sufficient grounds for the Court to enter a judgment compelling Alpaca to take some particular action or else suffer the pains of contempt, particularly where there is no indication of any judgment – declaratory or otherwise – that is being sought against Alpaca.

Accordingly, the Court will grant Bolsa's motion in part.  The Court will enter a default judgment that directs MRI to disgorge the one million shares of Alpaca stock to Bolsa (the Court lacks jurisdiction to direct the disgorgement of stock to Bolsa's parent company, a non-party here), but will not direct that the disgorgement be effectuated or facilitated by Alpaca or any other non-party to the judgment.  The means by which Bolsa may effect compliance with the terms of the judgment, if resisted by any entity, will have to be addressed by Bolsa through appropriate means.

## CONCLUSION

For the foregoing reasons, Bolsa's Objections **(# 312)** are **SUSTAINED IN PART** and the Court **DECLINES TO ADOPT** the Recommendation **(# 311)**.  Bolsa's Motion for Entry of Default Judgment **(# 300)** is **GRANTED IN PART** and **DENIED IN PART** as set forth herein.

Default judgment consistent with this Order shall enter contemporaneously.

Dated this 25th day of September, 2013

**BY THE COURT:**

_____
Marcia S. Krieger
United States District Judge